**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SUPER 8 WORLDWIDE, INC., | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-00552-GMN-PAL |
| vs. | ) | **ORDER** |
| MARIO CARUSO, *et al.*, | ) | (Mot Ext Time to Serve and Mail - Dkt. #8) |
| Defendants. | ) | |

    Before the court is Plaintiff's Motion for Extension of Time to Effect Service of Process and Permission to Serve by Mail (Dkt. #8). Plaintiff seeks a sixty-day extension of time to effect service of process on Defendants Mario and Anneliese Caruso Revocable Family Trust ("Caruso Trust"), Mario Caruso, and Anneliese Caruso by mail. Anneliese Caruso is the Trustee of the Mario and Anneliese Caruso Revocable Family Trust. Plaintiff states on "information and belief" she is the representative of the Estate of Mario Caruso and lives in a home on a large estate with a gated entry. "All efforts to contact Ms. Caruso have failed."

    The Complaint (Dkt. #1) was filed April 16, 2010. Plaintiff hired a process server who has made multiple attempts to serve the Defendants from July 30, 2010 through August 8, 2010. The process server first attempted to serve Defendants at a guest lodging facility which is the subject of this lawsuit. The process server made contact with employees at the facility and was told that Defendant Mario Caruso passed away and that Anneliese Caruso "never comes in" to the facility. However, the process server made numerous attempts to serve the Defendant at this address and left several messages with the clerk, but received no return calls.

    Additionally, the process server attempted to serve Ms. Caruso at the residence listed in the Clark County Assessor's Office and in the voter registration. However, the process server was unable

to gain access to the house as the property is gated and locked. The process server attempted to reach the residence through the call box, but did not receive a response.

Based on these representations, and affidavits of due diligence, Plaintiff seeks an order permitting service by mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and NRS 14.090. Federal Rule of Civil Procedure 4(e)(1) permits service of process by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." NRS 14.090 provides a method for a party seeking to effect service of process at a residence accessible only through a gate. Where no guard is posted at the gate, NRS 14.090(1)(b) permits service of process by mailing a copy thereof to the residence by certified or registered mail.

Having reviewed and considered the matter, the court is satisfied by the representations of counsel, and affidavits of due diligence that no guard is posted at the gate of Ms. Caruso's residence, and that entry through the gate is not reasonably available. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Effect Service of Process and for Permission to Service by Mail (Dkt. #8) is **GRANTED**, and Plaintiff shall have a sixty-day extension of time to effect service of process by mail as authorized by Federal Rule of Civil Procedure 4(e)(1) and NRS 14.090(1)(b). Plaintiff shall also serve Ms. Caruso with a copy of this order by mail at the guest lodging facility which is involved in the lawsuit.

Dated this 19th day of August, 2010.

_____
Peggy A. Leen
United States Magistrate Judge