# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., *formerly known as* Super 8 Motels, Inc.<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARIO CARUSO, ANNELIESE CARUSO, MARIO AND ANNELIESE CARUSO REVOCABLE FAMILY TRUST, *also known as* MARIO AND ANNELIESE CARUSO REVOCABLE FAMILY TRUST,<br><br>　　　　　　Defendants. | Case No.: 2:10-cv-00552-GMN-PAL<br><br>**ORDER** |

　　　　Pending before the Court is Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 14); Plaintiff's Response (ECF No. 15); and Defendants' Reply (ECF No. 16). Defendants argue that: (1) this lawsuit is barred by the statute of limitations; (2) the issues referenced in the Complaint were previously adjudicated by the United States District Court for the District of South Dakota; and (3) that venue is improper because the franchise agreement upon which Plaintiff's claims are based contains a forum selection clause designating South Dakota as the proper forum in which to bring a lawsuit arising from the agreement. Because the Court finds that venue is improper in the District of Nevada, it will dismiss this lawsuit without prejudice and without reaching Defendants' remaining arguments.

**I.　　FORUM SELECTION CLAUSE**

　　　　This lawsuit arises out of Defendants' alleged breach of their franchise agreement with Plaintiff. Plaintiff attached a copy of that agreement to its Complaint. Relevant to this Order, page 18 of the franchise agreement provides:

> The parties hereby agree that a portion of the franchise activities will take place in Aberdeen, Brown County, South Dakota, so that the parties hereby agree and FRANCHISEE hereby consents that all litigation by or between the parties arising directly or indirectly from the franchise relationship shall be commenced and maintained either in the Fifth Judicial Circuit Courts of the State of South Dakota in Brown County or the United States District Court, Northern Division. FRANCHISEE specifically consents to the jurisdiction of such courts over any disputes arising out of the Franchise relations between the parties hereto.

(Ex. A, Compl., ECF No. 1.)  The agreement also contains a choice of law provision, which states: "It is stipulated that this Agreement has been negotiated in part within the State of South Dakota and shall be construed according to the laws of that State and the United States. The language in all parts of this Franchise Agreement shall in all cases be construed as a whole according to its fair meaning and neither strictly for nor against either FRANCHISOR or FRANCHISEE." (Ex. A, Compl., ECF No. 1.)

## II.     ANALYSIS

A motion to dismiss based on a plaintiff's alleged failure to comply with a forum selection clause is properly treated as a Rule 12(b)(3) motion to dismiss for improper venue. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  Under both federal and South Dakota law, forum selection clauses are enforceable unless the party opposing the clause carries the heavy burden of demonstrating that the clause at issue is "unreasonable." *See, e.g., Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004); *Green v. Clinic Masters, Inc.*, 272 N.W.2d 813, 815 (S.D. 1978).  There are three factors that can render a forum selection clause unreasonable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy*, 362 F.3d at 1140 (internal

quotation marks omitted).

Plaintiff does not dispute that the franchise agreement contains a valid forum selection clause that designates South Dakota as the appropriate forum for disputes arising out of the agreement, nor does Plaintiff contend that the clause is unreasonable or otherwise unenforceable. Instead, Plaintiff simply contends that it filed suit in Nevada because: (1) the "venue clause is purely historical" in that Plaintiff has since moved its headquarters from South Dakota, and (2) it thought that Nevada would be a more convenient forum for Defendants. (Resp. 8:4-20, ECF No. 15.) Neither of these arguments is sufficient to render the clause unreasonable, nor does Plaintiff actually contend that either is. Instead, these rationales seemed aimed at countering Defendants' contention that Defendants are entitled to attorney's fees because Plaintiff's initiation of this lawsuit in Nevada needlessly multiplied the necessary legal proceedings and violated "the sound principles of judicial economy," (Reply 6:17-21, ECF No. 16). However, in light of Plaintiff's seemingly genuine attempt to file this lawsuit in a forum that was more convenient to Defendants--notably, Defendants reside in Nevada--and Plaintiff's agreement with Defendants that it would not oppose a motion to transfer venue, (*see* Resp. 8:15-20, ECF No. 15), this Court does not find attorney's fees to be appropriate. The forum selection clause is, however, enforceable, so this lawsuit will be dismissed without prejudice to Plaintiff being able to re-file it in South Dakota.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss for improper venue (ECF No. 14) is **GRANTED**. This lawsuit is **DISMISSED without prejudice** to it being re-

/ / /

/ / /

---

[1] Although some courts have noted that "[t]ransfer is more in the interest of justice than dismissal" when venue is found to be improper under Rule 12(b)(3), *see, e.g., Davis Media Group, Inc. v. Best Western International, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004), dismissal in this instance affords Plaintiff the choice of re-filing the lawsuit in either a South Dakota state or federal court.

filed in South Dakota.  However, attorney's fees are not awarded.

DATED this 21st day of July, 2011.

_____
Gloria M. Navarro
United States District Judge